# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1106
_____

JONATHAN E. ANDREWS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Joshua M. Hawkes, Judge.

October 1, 2025

LONG, J.

Jonathan E. Andrews appeals his final judgment and sentence for one count of manslaughter and one count of possession of a firearm by a convicted felon. Andrews raises two issues on appeal. We write only to address his argument that the trial court erred by admitting four of the State's exhibits without proper authentication. We affirm his second argument challenging the constitutionality of section 790.23(1)(a), Florida Statutes, without further discussion. *See Edenfield v. State*, 379 So. 3d 5, 10 (Fla. 1st DCA 2023); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010).

*Facts*

A grand jury indicted Andrews with one count of first-degree murder, one count of possession of a firearm by a convicted felon, and one count possession of a controlled substance. The State dismissed the drug possession count, and the matter proceeded to a bifurcated trial on the remaining counts. The State presented the following evidence at trial.

On March 21, 2020, Andrews, who also went by the name "Nino," called Kelly Ash, asking for a car ride. Ash picked up Andrews and the victim. The victim owed Andrews money. The plan was to take the victim to pick up the money that he owed Andrews. The victim sat in the front passenger seat and Andrews sat in the back passenger seat. Ash drove them to two different mobile homes, but no one answered the doors.

Andrews became agitated after the victim's second unsuccessful attempt to get the money. He reached around to the front seat and struck the victim in the face. Ash then saw that Andrews had a gun. She pulled the car over and told them both to get out. The victim exited the car first and Andrews second. As Ash began to drive the car away, she watched as Andrews shot the victim.

A nearby eyewitness also saw the incident unfold. He was sitting under a tree when he saw the car pull off the road. He could see the people inside having a heated discussion. He witnessed the victim exit the front passenger seat and the car's back door open. He then heard multiple gunshots, and he took off running. While running he turned around and saw Andrews standing with a gun. He ran to a store nearby and reported the shooting.

Immediately after witnessing the shooting, Ash drove to the nearest gas station and used a phone there to call 911. She reported the shooting and provided Andrews' description. Law enforcement arrived at the crime scene and found the victim shot, lying face-down, and five nearby 40 caliber shell casings. Law enforcement searched the victim and found no weapons or firearms but found a phone underneath his body. Law enforcement

2

rendered life-saving measures, and the victim was transported to a hospital where he died.

Law enforcement also went to Ash's location. With Ash's permission, they searched her car and found a phone in the back passenger seat. Ash testified that the phone belonged to Andrews.

A law enforcement officer responding to Ash's location spotted Andrews, who fit the suspect description, and detained him. Law enforcement later reviewed security camera footage from a car dealership near the crime scene, which showed Andrews coming out of the woods nearby. A search of that wooded area produced a 40 caliber Hi-Point firearm. An analyst with FDLE tested the DNA on the firearm and found that Andrews was a possible contributor. Another analyst with FDLE found that the five 40 caliber casings had been fired from that same firearm.

The jury found Andrews guilty of the lesser included offense of manslaughter and possession of a firearm by a convicted felon. The trial court sentence Andrews to concurrent terms of thirty years for manslaughter and fifteen years for possession of a firearm by a convicted felon. This timely appeal follows.

*Analysis*

Andrews challenges the admissibility of four of the State's exhibits, all of which reflect the contents of a phone. They relate to the phone found in the back seat of Ash's car where Andrews had been sitting just before the shooting. He argues that the State failed to sufficiently authenticate the exhibits by failing to link the phone to him. We review a trial court's ruling on authentication of evidence for abuse of discretion. *Mullens v. State*, 197 So. 3d 16, 25 (Fla. 2016).

The Florida Evidence Code requires authentication or identification of evidence as a condition precedent to its admissibility. § 90.901, Fla. Stat. This requirement is satisfied with "evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. "[A]uthentication for the purpose of admission is a relatively low threshold that only requires a prima facie showing that the proffered evidence is

3

authentic; the ultimate determination of the authenticity of the evidence is a question for the fact-finder." *Mullens*, 197 So. 3d at 25. Evidence may be authenticated by direct or circumstantial evidence, and by examining its "appearance, contents, substance, internal patterns, or other distinctive characteristics in conjunction with the circumstances." *Thomspon v. State*, 253 So. 3d 684, 688 (Fla. 1st DCA 2018) (quoting *Gosciminski v. State*, 132 So. 3d 678, 700 (Fla. 2013)).

First, Andrews contests an exhibit that contained a photo of the victim's phone showing that, two days before the shooting, the victim texted the phone at issue about the victim's inability to "get a loan."

Second, Andrews challenges an exhibit that contained a portion of a phone extraction report with photos from the phone at issue. The extraction produced several selfie photos resembling Andrews.

Third, Andrews takes issue with an exhibit that contained a portion of a phone extraction report with text messages from the phone. The texts were communications with the victim's phone. The texts use Andrews' nickname Nino. In the texts, the victim refers to the recipient as Nino. And a message from the phone to the victim says: "This nino."

Finally, Andrews challenges an exhibit that contained a call log extracted from the phone. The exhibit showed phone calls between the phone and the victim in the days leading up to the incident.

The State presented testimony that the phone belonged to Andrews. Assuming the evidence is otherwise relevant, testimony that links a message or data to a party's phone or a password protected online account is generally sufficient to make a prima facia showing for authentication. This, of course, does not mean the message in fact came from the party. There are endless factual scenarios that might explain how a message came from a party's phone or account without actually coming from the party. But here we speak only to the low-threshold question of evidentiary authentication for admission. The ultimate determination of

4

authenticity will rest with the factfinder. *Mullens*, 197 So. 3d at 25. The direct testimony that the phone belonged to Andrews was sufficient. But that was only part of the evidence linking the phone to both Andrews and the case. The phone was found in the seat in which he had been sitting just before the shooting. It had selfie photos, connecting Andrews to the phone. The phone's text messages use his nickname. The phone repeatedly communicated with the victim's phone and referred to the debt dispute. Finally, there is no evidence that any of the exhibits had been tampered with or were anything other than what they purported to be. Based on this record, the trial court did not abuse its discretion in admitting the exhibits.

AFFIRMED.

OSTERHAUS, C.J., and WINOKUR, J., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Jessica J. Yeary, Public Defender, and Victor Holder, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.